# In the United States Court of Federal Claims

No. 19-671C
Filed: November 1, 2019
NOT FOR PUBLICATION

| | |
|---|---|
| CHRISTOPHER BROWN, a/k/a CHRISTOPHER DAVIS, Plaintiff, v. THE UNITED STATES, Defendant. | *Pro Se*; RCFC 12(b)(1); Subject-Matter Jurisdiction; Takings; Tort; Parties Other Than The United States. |

*Christopher Brown, a/k/a Christopher Davis*, Detroit, MI, plaintiff *pro se*.

*Douglass G. Edelschick*, Trial Attorney, *Elizabeth M. Hosford*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

## I. INTRODUCTION

Plaintiff *pro se*, Christopher Brown, a/k/a Christopher Davis, brings this action alleging, among other things, that Amtrak has violated his due process rights under the United States Constitution and taken his property without just compensation, pursuant to the Tucker Act, 28 U.S.C. § 1491. *See generally* Compl. As relief, plaintiff seeks to recover monetary damages from the United States. *Id.* at ¶¶ 54-59.

The government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also moved for a default judgment pursuant to RCFC 55. Pl. Resp. at 10-11. For the reasons discussed below, the Court: (1) **GRANTS** the government's

motion to dismiss; (2) **DENIES-AS-MOOT** plaintiff's motion for a default judgment; and (3) **DISMISSES** the complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Plaintiff, *pro se*, Christopher Brown, a/k/a Christopher Davis, commenced this action on May 1, 2019. *See generally* Compl. In the complaint, plaintiff alleges that Amtrak and the Henrico County Virginia Police Department were negligent and engaged in reckless and wanton conduct by removing him from an Amtrak train during a trip from Rocky Mount, NC to Washington, DC. *Id.* at ¶¶ 20-21, 57. Specifically, plaintiff alleges that, during a train ride that occurred on June 17, 2015, Amtrak contacted the Henrico County Virginia Police Department to remove him from the train and that Amtrak did not refund his ticket. *Id.* at ¶¶ 18, 21-22. Plaintiff also alleges that, after removal from the train, he had to expend addition funds to travel by bus to his final destination. *Id.* at ¶ 22.

Plaintiff contends that the actions of Amtrak and the Henrico County Virginia Police Department violated the Commerce and Full Faith and Credit Clauses of the United States Constitution, as well as Article 1, Section 10 of the United States Constitution (the Obligation of Contract Clause). *Id.* at 1; ¶¶ 18-20. Plaintiff also alleges a violation of the Privileges and Immunities Clause. *Id.* at ¶ 21. Plaintiff also alleges that he has been deprived of his Fifth Amendment substantive and procedural due process rights. *Id.* at ¶ 21. In addition, plaintiff alleges a taking of his property in violation of the Takings Clause of the United States Constitution. *Id.*

In addition, plaintiff alleges that there was an "[a]nticipatory Breach of Contract" because he had to pay for a taxi and to purchase a bus ticket after being removed from the Amtrak train. *Id.* at ¶ 22. Lastly, plaintiff contends that he is entitled to recover damages from the government pursuant to 19 U.S.C. § 1619. *Id.* at ¶¶ 8-9.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl.") and the exhibits attached thereto ("Pl. Ex."); the government's motion to dismiss ("Def. Mot."); and plaintiff's response and opposition to the government's motion to dismiss ("Pl. Resp."). Unless otherwise noted herein, the facts recited are undisputed.

As relief, plaintiff seeks to recover monetary damages from the United States. *Id.* at ¶¶ 54-59.

### B. Procedural History

Plaintiff commenced this action on May 1, 2019. *See generally* Compl. On June 20, 2019, the government filed a motion to dismiss this matter for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot.

On July 17, 2019, plaintiff filed a response and opposition to the government's motion to dismiss and a motion for a default judgment pursuant to RCFC 55. *See generally* Pl. Resp. On July 23, 2019, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply. On August 13, 2019, plaintiff filed a sur-reply by leave of the Court. *See generally* Pl. Sur-Reply.

This matter having been fully briefed, the Court resolves the pending motions.

## III. LEGAL STANDARDS

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 926 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing) (internal quotation marks omitted) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (citations omitted)).

While "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl.

163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements." (citations omitted)).

**B. RCFC 12(b)(1)**

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United* States, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir.

2003). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

In this regard, it is well-established that this Court does not possess subject-matter jurisdiction to review tort claims. 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010). And so, the Court must dismiss tort claims for lack of subject-matter jurisdiction.

It is also well-established that the United States is the only proper defendant for any matter before this Court. RCFC 10(a); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). And so, the Court must also dismiss claims brought against any party other than the United States for lack of subject-matter jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

**C. Contracts With The United States**

To pursue a breach of contract claim against the United States under the Tucker Act, plaintiff must have privity of contract with the United States. *Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1263 (Fed. Cir. 2005) (citations omitted) ("[T]he 'government consents to be sued only by those with whom it has privity of contract.'"). Plaintiff must also support his contract claim with well-pleaded allegations going to each element of a contract. *See Crewzers Fire Crew Transp., Inc. v. United States*, 741 F.3d 1380, 1382 (Fed. Cir. 2014) (holding that to invoke the jurisdiction of this Court under the Tucker Act, a plaintiff must present a well-pleaded allegation that its claims arose out of a valid contract with the United States); *see also* RCFC 9(k) ("In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies."); *Gonzalez-McCaulley Inv. Grp., Inc. v. United States*, 93 Fed. Cl. 710, 715 (2010).

The requirements for establishing a contract with the United States are identical for express and implied-in-fact contracts. *See Night Vision Corp. v. United States*, 469 F.3d 1369,

1375 (Fed. Cir. 2006); *Huntington Promotional & Supply, LLC v. United States*, 114 Fed. Cl. 760, 767 (2014) ("The elements are the same for an express or implied-in-fact contract. . . ."). Specifically, a plaintiff must show: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012); *see also Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). A government official's authority to bind the United States must be express or implied. *Roy v. United States*, 38 Fed. Cl. 184, 188-89 (1997), *dismissed*, 124 F.3d 224 (Fed. Cir. 1997). And so, "the [g]overnment, unlike private parties, cannot be bound by the apparent authority of its agents." *Id.* at 187.

In this regard, a government official possesses express actual authority to bind the United States in contract "'only when the Constitution, a statute, or a regulation grants it to that agent in unambiguous terms.'" *Jumah v. United States*, 90 Fed. Cl. 603, 612 (2009), *aff'd*, 385 F. App'x 987 (Fed. Cir. 2010) (internal citations omitted); *see also City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990) (citation omitted). On the other hand, a government official possesses implied actual authority to bind the United States in contract "when the employee cannot perform his assigned tasks without such authority and when the relevant agency's regulations do not grant the authority to other agency employees." *SGS-92-X003 v. United States*, 74 Fed. Cl. 637, 652 (2007) (citations omitted); *see also Aboo v. United States*, 86 Fed. Cl. 618, 627 (2009) (stating that implied actual authority "is restricted to situations where 'such authority is considered to be an integral part of the duties assigned to a [g]overnment employee.'") (quoting *H. Landau & Co. v. United States*, 886 F.2d 322, 324 (Fed. Cir. 1989)). In addition, when a government agent does not possess express or implied actual authority to bind the United States in contract, the government can still be bound by contract if the contract was ratified by an official with the necessary authority. *Janowsky v. United States*, 133 F.3d 888, 891-92 (Fed. Cir. 1998).

**D. Takings Claims**

Lastly, the Court has exclusive jurisdiction over Fifth Amendment takings claims in excess of $10,000. 28 U.S.C. § 1491(a); *see also Acceptance Ins. Cos. Inc. v. United States*, 503 F.3d 1328, 1336 (Fed. Cir. 2007). The Takings Clause of the Fifth Amendment guarantees just

compensation whenever private property is "taken" for public use. U.S. CONST. amend. V. The purpose of the Fifth Amendment is to prevent the "[g]overnment from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 123 (1978) (quoting *Armstrong v. United States*, 364 U.S. 40, 49 (1960)); *see also Florida Rock Indus., Inc. v. United States*, 18 F.3d 1560, 1571 (Fed. Cir. 1994).

To have a cause of action for a Fifth Amendment takings, a plaintiff must point to a protectable property interest that is asserted to be the subject of the takings. *See Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1998) (citation omitted) ("Because the Constitution protects rather than creates property interests, the existence of a property interest is determined by reference to 'existing rules or understandings that stem from an independent source such as state law.'"). The Federal Circuit has held that "property" is defined within the context of the Takings Clause as a "legally-recognized property interest such as one in real estate, personal property, or intellectual property." *Adams v. United States*, 391 F.3d 1212, 1224 (Fed. Cir. 2004) (clarifying that an ordinary obligation to pay money does not constitute "property" under the Takings Clause). Contract rights can be the subject of a takings action. *See, e.g.*, *Lynch v. United States*, 292 U.S. 571, 579 (1934) ("Valid contracts are property, whether the obligor be a private individual, a municipality, a state or the United States.").

## IV. LEGAL ANALYSIS

The government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1), upon the grounds that plaintiff's claims involve alleged tortious conduct by a party other than the United States and that plaintiff relies upon constitutional law provisions that are not money-mandating to establish jurisdiction under the Tucker Act. Def. Mot. at 1. In his response and opposition to the government's motion to dismiss, plaintiff argues that the Court should not dismiss this matter because Amtrak is a federal agency operating on behalf of the government and the Court possesses subject-matter jurisdiction to consider his claims. Pl. Resp. at 3. In addition, plaintiff: (1) states that he is withdrawing his claim against the Henrico County Virginia Police Department; (2) states that he does not intend to assert a negligence claim in this action; and (3) moves for a default judgment. Pl. Resp. at 4, 6, 10.

For the reasons discussed below, a plain reading of the complaint makes clear that plaintiff has not established that any of his claims fall within the Court's limited jurisdiction under the Tucker Act. And so, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **DENIES-AS-MOOT** plaintiff's motion for a default judgment, and (3) **DISMISSES** the complaint.

### A. The Court May Not Consider Plaintiff's Claims

#### 1. The Court May Not Consider Plaintiff's Claims Against Parties Other Than The United States

As an initial matter, the Court does not possess subject-matter jurisdiction to consider plaintiff's claims against Amtrak or the Henrico County Virginia Police Department. It is well-established that the United States is the only proper defendant in a case brought in this Court. *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he *only* proper defendant for any matter before this court is the United States . . . ." (emphasis in original)). And so, the Court may not entertain claims brought against any party other that the United States in this action.

In the compliant, plaintiff names Amtrak and the Henrico County Virginia Police Department as defendants in this action. Compl. at ¶ 17. But, the United States Court of Appeals for the Federal Circuit has long held that Amtrak is not a governmental agency or department of the United States and the Federal Circuit has also prohibited the assertion of claims against Amtrak in this Court. *Green v. United States*, 229 Ct. Cl. 812, 814 (1982); *Slattery v. United States*, 635 F.3d 1298, 1307 n.3 (Fed. Cir. 2011) (*en banc*). Given this, the Court must dismiss plaintiff's claims against Amtrak. RCFC 12(b)(1).

To the extent that plaintiff asserts claims against the Henrico County Virginia Police Department, the Court must also dismiss these claims.[2] It is well-established that the Court lacks "jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees . . . ." *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014); *Smith v. United States*, 99 Fed. Cl. 581, 583-84 (2011). Because

[2] In the response and opposition to the government's motion to dismiss, plaintiff states that he is "taking the precaution to 'strike[,]' the Henrico County [Virginia] police department from the list of parties." Pl. Resp. at 6. The Court reads plaintiff's statement as a withdrawal of this claim.

the Henrico County Virginia Police Department is such a local government entity, the Court may not entertain claims against the police department in this action.

**2. The Court May Not Consider Plaintiff's Tort Claim**

To the extent that plaintiff asserts claims against the United States in the complaint, dismissal of plaintiff's negligence claim is also warranted because the Court does not possess subject-matter jurisdiction to consider this claim. In the complaint, plaintiff alleges that "the Defendants performed reprehensible Act(s), justifying for 'punitive damages[,]' that is reckless; unreasonably risky without care for the risk to myself . . . ." Compl. at ¶ 57. Plaintiff's claim plainly sounds in tort.

It is well-established that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court. 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010) ("[T]he Tucker Act expressly excludes tort claims . . . from the jurisdiction of the United States Court of Federal Claims."). Indeed, plaintiff appears to acknowledge that the Court may not consider his negligence claim and plaintiff clarifies in his response and opposition to the government's motion to dismiss that he is no longer seeking punitive damages nor asserting a negligence claim in this action. Pl. Resp. at 4, 6. Given this, to the extent that the complaint asserts a tort claim against the United States, the Court dismisses this claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

**3. Plaintiff's Constitutional Claims Are Jurisdictionally Precluded**

The Court is also without jurisdiction to entertain plaintiff's constitutional law claims, because the constitutional provisions upon which plaintiff relies are not money-mandating. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). To pursue a substantive right against the United States under the Tucker Act, plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United* States, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed.

Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003). Plaintiff cites to several constitutional provisions to support his claims in the complaint. Specifically, plaintiff points to the Due Process; Commerce; Obligations of Contract (Article I, Section 10); Privileges and Immunities; and Full Faith and Credit Clauses of the United States Constitution. Compl. at 1; ¶¶ 18-21. But, none of these constitutional law provisions are money-mandating.

With regards to plaintiff's substantive and procedural due process claims, the Federal Circuit has long held that the Due Process clause does not obligate the government to pay money damages. *Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995); *see also Fry v. United States*, 72 Fed. Cl. 500, 507 (2006) (holding that the Fifth Amendment does not require the government to pay monetary damages). The Federal Circuit has also held that the Commerce Clause does not contain provisions that allow for a private party to recover monetary damages. *Ballard v. United States*, 680 F. App'x 1007, 1008-09 (Fed. Cir. 2017).

This Court has also held that Article I, Section 10, the Obligations of Contract Clause, is not money mandating and that this clause applies only to individual states and not the United States. *See Fry*, 72 Fed. Cl. at 508 (holding that the Obligations of Contract Clause is only a limitation on government action but is not money-mandating); *see also Yankee Atomic Elec. Co. v. United States*, 112 F.3d 1569, 1577 (Fed. Cir. 1997). Plaintiff's reliance upon the Privileges and Immunities and Full Faith and Credit Clauses is also misplaced. The Federal Circuit has held that the Privileges and Immunities Clause is not money-mandating. *See Ivaldy v. United States*, 655 F. App'x 813, 815 (Fed. Cir. 2016) (holding that the Privileges and Immunities Clause does not mandate payment). This Court has also recognized that the Full Faith and Credit Clause is not money-mandating. *See Republic of New Morocco v. United States*, 98 Fed. Cl. 463, 468 (2011) (holding that the Full Faith and Credit clause does not mandate the payment of money damages). And so, the Court must dismiss plaintiff's claims based upon these constitutional law provisions for lack of subject-matter jurisdiction.

The Court must dismiss plaintiff's takings claim for lack of subject-matter jurisdiction, because plaintiff fails to identify a cognizable property interest that has allegedly been taken by the United States. Pl. Resp. at 4-5; *see also* 28 U.S.C. § 1491(a); *Huntleigh USA Corp. v. United States*, 525 F.3d 1370, 1377-78 (Fed. Cir. 2008). Plaintiff alleges in the complaint that Amtrak took his private property by taking his train ticket for public use. Compl. ¶¶ at 21, 25-26. But,

as discussed above, Amtrak is not a governmental agency or department of the United States. *Green v. United States*, 229 Ct. Cl. 812, 814 (1982); *Slattery v. United States*, 635 F.3d 1298, 1307 n.3 (Fed. Cir. 2011) (*en banc*). Plaintiff also fails to allege any facts in the complaint to show that Amtrak was acting on behalf of the United States in connection with the conduct alleged in the complaint. *See generally* Compl. And so, plaintiff simply has not identified a cognizable property interest that has been taken by the United States and the Court must dismiss his takings claim for want of subject-matter jurisdiction. RCFC 12(b)(1).

**4. Plaintiff's Statutory Claim Is Jurisdictionally Precluded**

Plaintiff's statutory claim is also problematic. In the complaint, plaintiff relies upon 19 U.S.C. § 1619 to support his claim for monetary damages against the government.[3] Compl. at ¶¶ 8-9 (alleging that Section 1619 is a "Liquidating Money-Mandating Compensation Statute for

[3] Section 1619 provides, in relevant part, that:
(a) In general

If—

(1) any person who is not an employee or officer of the United States—

(A) detects and seizes any vessel, vehicle, aircraft, merchandise, or baggage subject to seizure and forfeiture under the customs laws or the navigation laws and reports such detection and seizure to a customs officer, or

(B) furnishes to a United States attorney, the Secretary of the Treasury, or any customs officer original information concerning—

(i) any fraud upon the customs revenue, or

(ii) any violation of the customs laws or the navigation laws which is being, or has been, perpetrated or contemplated by any other person; and

(2) such detection and seizure or such information leads to a recovery of—

(A) any duties withheld, or

(B) any fine, penalty, or forfeiture of property incurred;

the Secretary may award and pay such person an amount that does not exceed 25 percent of the net amount so recovered.

19 U.S.C. § 1619(a).

purposes of . . . invoking the Tucker Act"). But, plaintiff fails to show that Section 1619 is money-mandating to establish jurisdiction under the Tucker Act.

Section 1619 addresses the award of compensation to government informers related to seizures of property effected by customs officers. 19 U.S.C. § 1619. The statute provides, in relevant part, that the Secretary of the Treasury "*may* award and pay" to a government informer "an amount that does not exceed 25 percent of the net amount" recovered by the government in connection with the recovery of duties withheld, a fine, penalty, or forfeiture of property. 19 U.S.C. § 1619(a) (emphasis supplied). This Court and the Federal Circuit have long recognized that the use of the word "may" in a federal statute creates a strong, but rebuttable, presumption that Congress intended for the statute to discretionary. *McBryde v. United States*, 299 F.3d 1357, 1362 (Fed. Cir. 2002); *see also Contreras v. United States*, 64 Fed. Cl. 583, 593 (2005). The Federal Circuit has also held that a statute that provides for "solely discretionary payment of money does not give rise to a right to recover money damages from the United States." *Roberts v. United States*, 745 F.3d 1158, 1163 (Fed. Cir. 2014) (quoting *Adair v. United States*, 648 F.2d 1318, 1322 (Ct. Cl. 1981) (internal quotations omitted)).

A plain reading of Section 1619 makes clear that this statute is discretionary and does not mandate the payment of money. And so, plaintiff's reliance upon Section 1619 to establish Tucker Act jurisdiction is misplaced and the Court dismisses plaintiff's statutory claim for want of subject-matter jurisdiction. RCFC 12(b)(1).

**5. Plaintiff Has Not Established A Contract With The United States**

The Court must also dismiss plaintiff's breach of contract claim against the United States, because plaintiff fails to establish the existence of an express or implied-in-fact contract with the government. It is well-established that plaintiff bears the burden of proving the existence of a contract with the government to bring a breach of contract claim in this Court. *See D & N Bank v. United States*, 331 F.3d 1374, 1376 (Fed. Cir. 2003). To do so, plaintiff must allege facts in the complaint that plausibly demonstrate: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012); *see also Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). Plaintiff fails to make such a showing here.

In the complaint, plaintiff alleges—without any factual support—that he has entered into a contract with the United States and that the United States breached this contract. Compl. at 7. To the extent that plaintiff relies upon the ticket that he purchased from Amtrak to create the alleged binding contract, such a contract is not with the United States. As discussed above, Amtrak is not a governmental agency or department of the United States. *Green*, 229 Ct. Cl. at 814. Plaintiff also fails to allege any facts in the complaint to plausibly show: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon, with regards to any contract with the United States. *Kam-Almaz*, 682 F.3d at 1368. Given this, the Court must dismiss plaintiff's breach of contract claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 6. The Court Denies Plaintiff's Motion As Moot

As a final matter, the Court must **DENY** plaintiff's motion for a default judgement as moot. In his response and opposition to the government's motion to dismiss, plaintiff appears to move for a default judgment against the government. Pl. Resp. at 10. Because the Court has determined that it does not possess subject-matter jurisdiction to consider any of plaintiff's claims, the Court denies plaintiff's motion as moot.[4] *See Wojtczak v. United States*, No. 12-449C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because plaintiff still has not raised allegations over which this court has jurisdiction, the court denies these motions as moot.").

## V. CONCLUSION

In sum, the most generous reading of the complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims.

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss;

[4] The caption to plaintiff's response and opposition to the government's motion to dismiss also states that plaintiff seeks to: amend the complaint; file a counterclaim; move to strike certain information; assert an inverse condemnation claim; and move to object to a ruling or order. Pl. Resp. at 1. To the extent that plaintiff's response and opposition can be construed as a motion seeking any of the aforementioned relief, the Court also denies such motions as moot.

2. **DENIES-AS-MOOT** plaintiff's motion for a default judgment; and

3. **DISMISSES** the complaint.

The Clerk shall enter judgment accordingly.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge